Keith J. Miller
**ROBINSON MILLER LLC**
One Newark Center
Newark, New Jersey 07102
Tel:  (973) 690-5400
Fax:  (973) 466-2760
(kmiller@rwmlegal.com)

*Attorney for Plaintiff Depomed, Inc.*

Melissa Anne Chuderewicz
**PEPPER HAMILTON LLP**
301 Carnegie Center
Suite 400
Princeton, New Jersey 08543-5276
Tel:  (609) 452-0808
Fax:  (609) 452-1147
(chuderewiczm@pepperlaw.com)

*Attorney for Plaintiff Grünenthal GmbH*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEPOMED, INC. and GRÜNENTHAL GMBH,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC and ALKEM LABORATORIES LIMITED,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 2:13-cv-04507-CCC-MF<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS ROXANE'S AND ACTAVIS'S *DAUBERT* MOTION**<br><br>Return date:  February 8, 2016<br>Oral Argument Requested<br>***Document electronically filed.*** |
| AND CONSOLIDATED CASES | Civil Action No. 2:13-cv-07803-CCC-MF<br>Civil Action No. 2:13-cv-06929-CCC-MF<br>Civil Action No. 2:14-cv-03941-CCC-MF<br>Civil Action No. 2:14-cv-04617-CCC-MF<br>Civil Action No. 2:15-cv-06797-CCC-MF |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. LEGAL STANDARD..............................................................................................1

III. LEGAL ARGUMENT..............................................................................................2

    A. Drs. Roush And Ossipov May Testify On Their Understanding Of The Law .............................................................................................................2

    B. Drs. Roush And Ossipov May Contrast Their Understanding Of The Law With Defendants' Expert Witnesses.........................................................3

    C. Defendants' Authority Is Not Contrary And Is Otherwise Inapposite ...........................................................................................................4

    D. The Bench Trial Context Removes Any Risk of Confusion...................5

IV. CONCLUSION........................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.E. By & Through Evans v. Indep. Sch. Dist. No. 25, of Adair Cty., Okl.*,
  936 F.2d 472 (10th Cir. 1991) ................................................................... 1, 2, 3, 4

*Argus Chem. Corp. v. Fibre Glass-Evercoat Co.*,
  759 F.2d 10 (Fed. Cir. 1985) ........................................................................... 4

*Intellectual Ventures I LLC v. Xilinx, Inc.*,
  No. CV 10-1065-LPS, 2014 WL 1814384 (D. Del. Apr. 14, 2014) ................. 2

*Mars, Inc. v. Coin Acceptors, Inc.*,
  No. 90-49, 1996 U.S. Dist. LEXIS 21514 (D.N.J. July 27, 1996) .................. 4

*Medicines Co. v. Mylan Inc.*,
  No. 11-CV-1285, 2014 WL 1257943 (N.D. Ill. Mar. 27, 2014) .................. 2, 4

*Mendenhall v. Cedarapids*,
  5 F.3d 1557 (Fed. Cir. 1993) ........................................................................... 4

*Metavante Corp. v. Emigrant Sav. Bank*,
  619 F.3d 748 (7th Cir. 2010) ........................................................................... 5

*Pfizer, Inc. v. Teva Pharm. USA, Inc.*,
  No. 04-754, 2006 WL 3041097 (D.N.J. Oct. 26, 2006) ................................. 4

*Pharmacia Corp. v. Par Pharm., Inc.*,
  No. 01-6011, 2004 WL 5614917 (D.N.J. Feb. 18, 2004) ............................... 4

*Poust v. Huntleigh Healthcare*,
  998 F. Supp. 478, 492-93 (D.N.J. 1998) ......................................................... 5

*Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*,
  623 F. Supp. 2d 518 (D. Del. 2009) ................................................................ 5

*United States v. Brown*,
  415 F.3d 1257 (11th Cir. 2005) ....................................................................... 5

*Voter Verified, Inc. v. Premier Election Solutions, Inc.*,
  2010 WL 3123129 (M.D. Fla. 2010), *aff'd*, 698 F.3d 1374 (Fed. Cir. 2012) ............. 1, 2, 4, 5

**Rules**

Federal Rule of Evidence 702 ................................................................................. 1

## I.  INTRODUCTION

Defendants (save Alkem) purport to move under *Daubert* to preclude testimony by Plaintiffs' experts Drs. William R. Roush and Michael H. Ossipov.  The relief Defendants seek and the grounds upon which it is premised makes no sense.  On the one hand, Defendants appear to seek preclusion of testimony about "any supposedly 'correct' legal standards." (Mot. at 5.)  If this is Defendants' goal, then they are attacking a strawman: of course Plaintiffs' experts will not offer testimony about what the law is or what the law means no more than Defendants' expert witnesses should be permitted to do so.  On the other hand, Defendants apparently want to avoid any testimony mentioning the legal standards their own expert witnesses applied (or misapplied) to the technical facts. (Mot. at 1.)  In this regard, Defendants' motion is misguided.  It is well established that experts are permitted to explain ***their understanding*** of legal standards to contextualize their technical analysis and to contrast their conclusions from those of the other experts.  Drs. Roush and Ossipov do just this.  Furthermore, such testimony does not risk confusing the Court, but omitting it does.  Defendants' motion should be denied.

## II.  LEGAL STANDARD

Defendants' motion cites and relies on Fed. R. Evid. 702. (Mot. at 2.)  Although it is well established that legal determinations are in the province of the court and experts cannot present legal argument, it is equally well established that experts can testify about ***their understanding*** of the law.  *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 2010 WL 3123129, *5 (M.D. Fla. 2010) (stating the "references to the law do not constitute an attempt to opine on the law" and are distinguishable from situations "where an expert improperly attempts to usurp the Court's authority . . . .") (citations omitted), *aff'd*, 698 F.3d 1374, 1384 (Fed. Cir. 2012).  *See also A.E. By & Through Evans v. Indep. Sch. Dist. No. 25, of Adair Cty., Okl.*, 936 F.2d 472, 476 (10th Cir. 1991) ("An expert may, however, refer to the law in expressing his or her opinion.")

1

(citations omitted); *Medicines Co. v. Mylan Inc.*, No. 11-CV-1285, 2014 WL 1257943, at *2 (N.D. Ill. Mar. 27, 2014) (holding that an expert's reference to "the legal standard upon which he bases his economic analysis and opinions" was "appropriate and puts his testimony in context.") (citations omitted). An expert's explanation of his or her legal understanding is not only permitted, but is sometimes *required* to evaluate the reliability and admissibility of expert testimony and to contrast the testimony of the other experts. *Voter Verified*, 2010 WL 3123129 at *5; *c.f. Intellectual Ventures I LLC v. Xilinx, Inc.*, No. CV 10-1065-LPS, 2014 WL 1814384, at *3 (D. Del. Apr. 14, 2014) (holding that an expert's opinion was unreliable because his understanding of the law was incorrect).

### III. LEGAL ARGUMENT

Drs. Roush and Ossipov do not propose to offer expert legal testimony. Rather, they provide their understanding of the law as a context for their technical analyses, just as Defendants' experts have done. Drs. Roush and Ossipov may so testify and draw comparisons with the understanding of the law that Defendants' witnesses (Drs. Mogil and Wolf) applied. The authority Defendants cite either confirms these propositions or is irrelevant. Furthermore, any relief Defendants seek is unnecessary in the context of this bench trial.

#### A. Drs. Roush And Ossipov May Testify On Their Understanding Of The Law

Experts are permitted to testify regarding their understanding of the law. *See Voter Verified*, 698 F.3d at 1384 n.6; *Indep. Sch. Dist. No. 25*, 936 F.2d at 476; *Medicines Co.*, 2014 WL 1257943 at *2. Contrary to Defendants' assertions, Drs. Roush and Ossipov do not purport to be legal experts testifying about the correct legal standards. Rather, the testimony regarding their understanding of the law contextualizes Dr. Roush's and Dr. Ossipov's technical analyses.

For example, Dr. Roush's opinion on written description of U.S. Pat. No. RE39,593 (the "'593 patent") is contextualized by his understanding of the legal requirement, namely that

2

written description may be met if the specification demonstrates to a person having skill in the art "that the inventors had *mental* possession of the claimed invention." Roush 07/17/2015 (Ex. A) Report ¶ 253 (emphasis in original).  Dr. Roush proceeds to explain why this requirement is met, citing the chemical structures and experimental procedures disclosed in the specification, which demonstrate that the inventors had possession of the claimed invention.  *Id.* ¶¶ 254-56.

Tellingly, Defendants' experts likewise discuss their own understanding of the law.  *See, e.g.*, Mogil Opening Report (Ex. B) ¶¶ 20-26; Mogil Reply (Ex. C) ¶¶ 13-16; Wolf Opening Report (Ex. D) ¶¶ 24-40; Wolf Reply (Ex. E) ¶¶ 8-11.  Like Defendants' experts, Dr. Roush's and Dr. Ossipov's statements do not propose expert testimony advocating for particular legal standards.  *Indep. Sch. Dist. No. 25*, 936 F.2d at 476.  Instead, they have provided permissible context for their respective technical analyses.

### B. Drs. Roush And Ossipov May Contrast Their Understanding Of The Law With Defendants' Expert Witnesses

Defendants' proposition that Drs. Roush and Ossipov cannot testify that their legal understanding apparently differs from those of Drs. Wolf and Mogil is equally infirm.  Here again, Plaintiffs' experts are not opining on what the law is, but rather that Drs. Wolf and Mogil have used and applied a different understanding of the legal requirement(s).  *See* Roush 07/17/2015 Report (Ex. A) ¶ 265 ("Dr. Wolf *appears* to misunderstand the correct legal standards for utility . . . . *[I]t is my understanding* that the utility requirement does not demand that each compound within the scope of a claim be made and tested.") (emphasis added); Ossipov Report (Ex. F) ¶ 97  ("[*I*]*t is my understanding* that Dr. Mogil applied the incorrect legal standards in reaching his opinions related to enablement.") (emphasis added).  In explaining how the experts arrived at different conclusions based on the same set of technical facts, Drs. Roush and Ossipov have identified specific instances where Drs. Wolf and Mogil

3

have applied a different understanding of the law. Notably, Defendants' expert Dr. Mogil has similarly compared his understanding of the utility requirement with Dr. Ossipov's view. Mogil Reply (Ex. C) ¶ 27.

As discussed, experts may state their understanding of the law. *See Voter Verified*, 698 F.3d at 1384 n.6; *Indep. Sch. Dist. No. 25*, 936 F.2d at 476; *Medicines Co.*, 2014 WL 1257943 at *2. This permissible testimony does not become inadmissible "legal testimony" merely because Drs. Roush and Ossipov observe that Defendants' experts used or applied differing views of the legal standards.

### C. Defendants' Authority Is Not Contrary And Is Otherwise Inapposite

Defendants rely on several cases that serve to contrast impermissible legal testimony from the acceptable expert testimony given by Drs. Ossipov and Roush. Several of Defendants' case citations involve precluding testimony by attorneys offered as experts on ***legal matters***. *See Mendenhall v. Cedarapids*, 5 F.3d 1557, 1574 (Fed. Cir. 1993) (holding that a previous court order on validity and infringement was essentially being used as an expert report, and that this was improper since it presented an expert's ultimate opinion on legal matters); *Argus Chem. Corp. v. Fibre Glass-Evercoat Co.*, 759 F.2d 10, 13 (Fed. Cir. 1985) (holding that a patent attorney could not testify on the appropriate standard for inequitable conduct); *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, No. 04-754, 2006 WL 3041097, at *2 (D.N.J. Oct. 26, 2006) (holding that a patent attorney could not testify as an expert about the law); *Pharmacia Corp. v. Par Pharm., Inc.*, No. 01-6011, 2004 WL 5614917, at *2 (D.N.J. Feb. 18, 2004) (holding that a patent lawyer and professor could not testify regarding what a "responsible patent examiner" would have considered in connection with inequitable conduct analysis); *Mars, Inc. v. Coin Acceptors, Inc.*, No. 90-49, 1996 U.S. Dist. LEXIS 21514 (D.N.J. July 27, 1996) (holding that "patent law experts" who were attorneys could not testify as experts on the law).

4

These examples provide a stark contrast to Plaintiffs' technical experts, who have merely set forth their "understanding" of the law to contextualize their technical opinions. This testimony is both permissible and helpful to the Court in evaluating the weight to give an expert's opinions. *See Voter Verified*, 2010 WL 3123129 at *5.

Inexplicably, Defendants also cite cases involving irrelevant situations, such as lawyers purporting to testify on causation of medical injuries. *See Poust v. Huntleigh Healthcare*, 998 F. Supp. 478, 492-93 (D.N.J. 1998) (holding that an engineer with a law degree was not qualified to testify on the medical cause of the plaintiff's injury) (cited at Mot. at 4); *see also Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009) (striking a legal opinion in a declaration, which stated that Defendant never had a binding contract with the Plaintiff) (cited at Mot. at 3). These cases support the uncontested proposition that experts may only testify within the scope of their expertise.

### D. The Bench Trial Context Removes Any Risk of Confusion

Defendants' *Daubert* motion should also be denied because, in a bench trial such as this, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *see also Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010) (observing that "the court in a bench trial need not make reliability determinations before evidence is presented" because "the usual concerns of the rule—keeping unreliable expert testimony from the jury—are not present in such a setting"). There is no risk that this Court will be confused by the statements of legal understanding from Plaintiffs' or Defendants' experts. Conversely, Defendants' proposition to forbid any mention of a technical expert's understanding of the legal standards that he or she applied risks providing the Court insufficient information on which to judge the merit of the expert's views. *See Voter Verified*, 2010 WL 3123129 at *5.

5

**IV.     CONCLUSION**

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion.

Dated:  January 18, 2016          /s/ Keith Miller
                                                  Keith Miller
                                                  **Robinson Miller LLC**
                                                  One Newark Center
                                                  19th Floor
                                                  Newark, NJ  07102
                                                  Tel:     (973) 690-5400
                                                  Fax:    (973) 466-2760
                                                  (kmiller@rwmlegal.com)
                                                  *Attorney for Plaintiff/*
                                                    *Counterclaim Defendant Depomed, Inc.*

                                                  Michael Sitzman
                                                  Christine Ranney
                                                  Jaysen S. Chung
                                                  **Gibson, Dunn & Crutcher LLP**
                                                  555 Mission Street
                                                  Suite 3000
                                                  San Francisco, CA  94105-2933
                                                  Tel:     (415) 393-8200
                                                  Fax:    (415) 393-8306
                                                  (msitzman@gibsondunn.com)
                                                  (cranney@gibsondunn.com)
                                                  (jschung@gibsondunn.com)

                                                  - and –

                                                  Timothy P. Best
                                                  **Gibson, Dunn & Crutcher LLP**
                                                  333 South Grand Avenue
                                                  Los Angeles, CA  90071-3197
                                                  Tel:     (213) 229-7659
                                                  Fax:    (213) 229-6659
                                                  (tbest@gibsondunn.com)

                                                  *Of Counsel for Plaintiff/*
                                                  *Counterclaim Defendant Depomed, Inc.*


Dated:  January 18, 2016          /s/ Melissa Chuderewicz
                                                  **PEPPER HAMILTON LLP**
                                                  Ronni E. Fuchs
                                                  Melissa A. Chuderewicz
                                                  Suite 400
                                                  301 Carnegie Center

        Princeton, New Jersey  08543-5276
Tel:      (609) 452-0808
(fuchsr@pepperlaw.com)
(chuderem@pepperlaw.com)


**FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP**
Basil J. Lewris
Linda A. Wadler
Krista E. Bianco
Kristi L. McIntyre
901 New York Avenue, N.W.
Washington, DC 20001
Tel:  (202) 408-4000
Fax:  (202) 408-4400
(bill.lewris@finnegan.com)
(linda.wadler@finnegan.com)
(krista.bianco@finnegan.com)
(kristi.mcintyre@finnegan.com)

Anthony C. Tridico
**FINNEGAN EUROPE LLP**
16 Old Bailey
London EC4M 7EG
United Kingdom
Tel: 011 44 20 3178 7883
(anthony.tridico@finnegan.com)

*Counsel for Plaintiff Grünenthal GmbH*

8