**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE DEPOMED PATENT LITIGATION | Civil Action No. 2:13-cv-04507<br><br>MEMORANDUM OPINION AND ORDER |

**CECCHI, District Judge.**

This matter comes before the Court by complaint of Plaintiffs Depomed, Inc. and Grünenthal GmbH (collectively, "Plaintiffs") against Defendants Actavis Elizabeth LLC ("Actavis"), Alkem Laboratories Limited ("Alkem"), and Roxane Laboratories, Inc. ("Roxane") (collectively, "Defendants"). This case concerns the validity, enforceability, and alleged infringement of United States Patent Nos. RE39,593 ("the '593 patent"), 7,994,363 ("the '364 patent"), and 8,536,130 ("the '130 patent"), which are alleged to cover Plaintiffs' tapentadol hydrochloride products, sold as NUCYNTA® and NUCYNTA® ER, and uses thereof. Trial is scheduled to commence on March 9, 2016.

Presently pending before the Court are motions *in limine* to preclude the introduction of certain evidence at trial. Specifically pending is one motion *in limine* filed by Plaintiffs (ECF No. 302), one motion *in limine* filed by Defendants (Case No. 14-3941, ECF No. 157), and one *Daubert* motion filed by Defendants (Case No. 13-3941, ECF No. 150) to preclude the introduction of certain expert testimony.[1]

---

[1] Pursuant to this Court's Order dated February 22, 2016, the motions *in limine* filed at ECF Nos. 301 and 304 are no longer pending.

1

Having considered all of the submissions filed in connection with these motions, and having held a conference concerning the motions on February 8, 2016, the Court makes the following determinations with respect to the motions *in limine*.

## I. ECF No. 302 - Plaintiffs' Motion *in Limine* to exclude evidence and argument regarding references that are not prior art

Plaintiffs bring this motion *in limine* to exclude evidence and argument regarding references that they allege are not prior art to the '130 patent. For the following reasons, the motion is denied.

A motion *in limine* is designed to narrow evidentiary issues for trial and to eliminate unnecessary interruptions during trial. *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The purpose of a motion *in limine* is to bar "irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." *Id.* (internal quotation marks omitted). However, "[t]he Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks omitted). "An *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Bowers v. NCAA*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (internal quotation marks omitted).

Whether a reference constitutes prior art is a question of law, with underlying issues of fact. *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004); *In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994); *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir. 1987). Plaintiffs' motion asks this Court to summarily resolve that question

2

of law in its favor and preclude Defendants from presenting evidence on the relevant underlying factual issues.

Specifically, Plaintiffs' motion is directed to excluding evidence and argument related to three references that potentially invalidate the patent. A threshold legal question on that issue is whether the three references are prior art. Plaintiffs assert, and proffer evidence, that the references at issue are the work of the inventors of the patent and were published less than one year before the patent's filing date. Thus, Plaintiffs argue, the references cannot be prior art under either 35 U.S.C. § 102(a) or 102(b)).

Defendants' response disputes the factual underpinnings of Plaintiffs' assertions, and counters with evidence that the three references were not solely the work of the inventors. Moreover, Defendants argue, these evidentiary issues present questions of fact inappropriate for a motion *in limine*. Plaintiffs' reply brief addresses the factual arguments, but fails to explain why this issue is appropriately decided as a motion *in limine* to exclude evidence, rather than as a question that requires weighing the evidence.

This litigation will conclude with a bench trial, currently scheduled to begin on March 9, 2016. At trial, the parties will have the opportunity to present evidence pertaining to all matters that must be resolved by the Court. The Court will determine whether these three references are prior art at the appropriate time. Plaintiffs' motion is denied.

II. **Case No. 14-3941, ECF No. 155 – Defendants' Motion *in Limine* to preclude Plaintiffs from relying on post-filing data to demonstrate utility**

Defendants bring this motion *in limine* to preclude Plaintiffs from relying on post-filing data to demonstrate the utility of the '593 patent's asserted claims. For the reasons stated below, the motion is denied.

As this case will conclude with a bench trial, there is no risk of inadmissible evidence

3

improperly influencing a jury. Accordingly, there is no need for the Court to entirely preclude the presentation of evidence. During trial, the Court will consider the admissibility of all of the evidence and accord each piece of evidence its due weight.

### III.  Case No. 13-3941, ECF No. 150 - Defendants' *Daubert* Motion

Defendants bring this *Daubert* motion to preclude Plaintiffs' technical experts from providing legal opinions about patent law standards. For the reasons stated below, the motion is denied.

The Federal Rules of Evidence, in conjunction with the Supreme Court's decision in *Daubert v. Merrell Dow Pharms*, 509 U.S. 579 (1993), "assign[] to the district court a preliminary gatekeeping function -- requiring the court to act as a specialized fact-finder in determining whether the methodology relied upon by an expert witness is reliable." *Elcock v. Kmart Corp.*, 233 F.3d 734, 751 (3d Cir. 2000). However, in the context of a bench trial, "there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005). "Thus, a district court conducting a bench trial may admit evidence during the trial, subject to the understanding that the court may later exclude it or disregard it if it turns out not to meet the standards for reliability and relevancy established by Rule 702." *Warner Chilcott Labs. Ir., Ltd. v. Impax Labs., Inc.*, Case No. 08-6304, 2012 U.S. Dist. LEXIS 60386, at *68, (D.N.J. Apr. 30, 2012). In this case, the Court will allow the presentation of Plaintiffs' expert testimony and will disregard any testimony that is unreliable and irrelevant.

Accordingly,

IT IS on this 22 day of February, 2016,

**ORDERED** that Plaintiffs' Motion *in Limine* (ECF No. 302) is **DENIED**; and it is further

**ORDERED** that Defendants' Motion *in Limine* (Case No. 14-3941, ECF No. 155) is **DENIED**; and it is further

**ORDERED** that Defendants' *Daubert* Motion (Case No. 14-3941, ECF No. 150) is **DENIED**.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.